UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAUL SINKOVITZ,

    **Plaintiff,**

v.

    Case No. 2:18-cv-1262
    Judge James L. Graham
    Magistrate Judge Elizabeth P. Deavers

JOHN T. WALLACE,

    **Defendant.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Paul Sinkovitz, a state inmate who is proceeding without the assistance of counsel, brings this action against John T. Wallace, a state-court judge. (ECF No. 1.)[1] This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

---

[1] Following the Court's Order and Notice of Deficiency (ECF No. 2), the docket reflects that Plaintiff paid the full filing fee on November 2, 2018.

1

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Although difficult to follow, the Undersigned discerns from the Complaint (ECF No. 1) and subsequent "Affidavit" (ECF No. 4) and "Memorandum in Support" (ECF No. 5) that Defendant John T. Wallace ("Defendant Judge Wallace") presided over a criminal matter in

3

which Plaintiff was a Defendant. Plaintiff apparently alleges that Defendant Judge Wallace's actions or failures in that criminal case violated Plaintiff's constitutional rights in some manner.

Even construing Plaintiff's allegations liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), his claims against Defendant Judge Wallace nevertheless fail. First, "[i]t is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing, *inter alia*, *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). "Judicial immunity can be overcome in two circumstances: (1) where the judicial officer acts in a non-judicial capacity; or (2) where the judicial officer acts 'in the complete absence of all jurisdiction.'" *Smiles v. Royster*, No. 18-1440, 2018 WL 4998196, at *2 (6th Cir. Oct. 1, 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (*per curiam*)). Nothing in the Complaint or related filings (ECF Nos. 1, 4, 5) even suggests that those exceptions apply here.

In addition, to the extent Plaintiff's claims are premised upon an alleged unconstitutional criminal conviction (*see*, *e.g.*, ECF No. 4 at PAGEID # 9 ("I, PAUL SINKOVITZ, CITIZEN, COMES BEFORE THIS COURT WITH HIS DEMAND FOR RELEASE FROM PRISON. . . ." (emphasis in original)); ECF No. 5 at PAGEID # 13 ("BY DECREE I MUST BE FREED OF THE WRONGFUL SENTENCE IN THE MATTER. . . . ") (emphasis in original)), his claims are "Heck-barred." The United States Supreme Court has held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Thus, under *Heck*, Plaintiff cannot proceed with a § 1983 claim because he

cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486–87. Accordingly, to the extent Plaintiff seeks to directly challenge the fact or duration of his confinement, his sole remedy in federal court is filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)).

## III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A for failure to state a claim for relief on which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: November 5, 2018      /s/ *Elizabeth A. Preston Deavers*
 ELIZABETH A. PRESTON DEAVERS
 UNITED STATES MAGISTRATE JUDGE