IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Paul Sinkovitz,

    Plaintiff,

    v.                        Case No. 2:18-cv-1262

John T. Wallace,

    Defendant.

ORDER

Plaintiff, an Ohio state inmate, brings the instant civil action pursuant to 42 U.S.C. §1983 against John T. Wallace, a judge sitting on the Court of Common Pleas of Hocking County, Ohio, who presided over plaintiff's criminal trial. See State v. Sinkovitz, 20 N.E.3d 1206 (Ohio App. 2014). Although plaintiff's filing is far from clear, he appears to allege that Judge Wallace unconstitutionally deprived him of property in some way through unspecified trial errors and violated his right to a speedy trial.

On November 5, 2018, the magistrate judge filed an initial screen report and recommendation pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge concluded that plaintiff's claims against Judge Wallace are barred by the doctrine of judicial immunity. The magistrate judge further found that to the extent that plaintiff's claims are based on an unconstitutional criminal conviction, they are barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994).

After the report and recommendation was filed, plaintiff filed a document styled as a "REPLY TO MAGISTRATE." See Doc. 7. The court will construe this filing as an objection to the report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive

2

a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).  The court may dismiss an action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3) where there is no basis for federal jurisdiction apparent on the face of the complaint.  Carlock v. Williams, 182 F.3d 916, 1999 WL 454880, *2 (6th Cir. 1999).

The court finds that the magistrate judge correctly concluded that any claim against Judge Wallace is barred by the doctrine of judicial immunity.  Further, to the extent that plaintiff's claims rest on his allegations that his conviction is invalid, those claims are barred under Heck.  Plaintiff's reply summarily attacks the report and recommendation without providing any basis for finding that the magistrate judge's conclusions of fact or law were erroneous.

In accordance with the foregoing, the report and recommendation (Doc. 6) is adopted. Plaintiff's objection (Doc. 7) is overruled.  This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and Rule 12(h)(3) for failure to state a claim for which relief may be granted.  The clerk shall enter judgement dismissing this case.

It is so ordered.

Date: November 26, 2018              s/James L. Graham
                                        James L. Graham
                                        United States District Judge